UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
            v.                                              :   **MEMORANDUM & ORDER**
                                                            :   18-CR-192 (WFK)
RODNEY GRIFFIN,                                             :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 25, 2018, Rodney Griffin pled guilty to Count One of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Rodney Griffin is hereby sentenced to 57 months of incarceration, 5 years of supervised release, no fine, and a $100.00 special assessment.

## BACKGROUND

On August 30, 2018, the Government filed a Superseding Indictment charging Rodney Griffin ("Defendant") with one count of Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Superseding Indictment, ECF No. 31. On September 25, 2019, Defendant pled guilty to Count One of the Superseding Indictment pursuant to a plea penalty sheet. *See* Exhibit 2 ("Plea Penalty Sheet"), ECF No. 37.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I.   Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court

chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on December 16, 1964 to the marital union of Ronald Griffin and Susie Burrell, both now deceased. Presentence Investigation Report ("PSR") ¶ 44, ECF No. 59. Defendant stated his parents later divorced in approximately 1972. *Id.* Defendant has two siblings, both of whom are in good health: Tracy Constantine and Erica Mason. *Id.* ¶ 45. Ms. Constantine resides in Brooklyn, New York, has a child, and works with disabled children. *Id.* Ms. Mason resides in Brooklyn, New York, has a son, and works as a director of programming. *Id.*

From birth until 1970, Defendant resided with his parents in a low-income neighborhood in Brooklyn, New York. *Id.* ¶ 50. In approximately 1970, Defendant's father left the family home and Defendant remained with his mother. *Id.* In 1982, at age 18, Defendant left his mother's home to live on campus at Sullivan County Community College in Loch Sheldrake, New York. *Id.* Thereafter, he resided at his mother's home except when he was in local or federal custody until May 2004. *Id.*

Defendant reports a difficult childhood that included sexual abuse by older cousins. *Id.* ¶ 46. Defendant stated that he told his eldest sister about the abuse and never received any counseling. *Id.* Defendant's sister, Ms. Constantine, stated that Defendant was never sexually abused as a child, but Defendant was verbally abused by their step-father who was a heroin user. *Id.* ¶ 47. She described Defendant as a "sensitive person who likes to please others." *Id.*

Between 1986 and 1996, Defendant received four felony robbery or attempted robbery convictions. *Id.* ¶¶ 27–30. On January 15, 1986, Defendant was convicted of attempted Robbery in the 2nd Degree in New York Supreme Court for robbing a victim as the victim was walking to a New York City subway station. *Id.* ¶ 27. Defendant received a sentence of 5 years of probation for this conviction. *Id.* On November 25, 1986, Defendant was again convicted of Robbery in the 2nd Degree in New York Supreme Court for robbing a victim while in the New York City subway. *Id.* ¶ 28. Defendant received a sentence of 30 months to 5 years of incarceration for this conviction. *Id.* On July 26, 1991, Defendant was convicted of Attempted Robbery in the 3rd Degree in New York Supreme Court after police officers observed Defendant on top of a 70-year-old victim on the ground in a New York City subway station. *Id.* ¶ 29. Defendant received a sentence of 2 to 4 years of incarceration for this conviction. *Id.* On October 18, 1996, Defendant was convicted of Bank Robbery and Armed Bank Robbery in the

United States District Court for the Southern District of New York. *Id.* ¶ 30. Defendant received a sentence of 120 months of incarceration and 3 years of supervised release for this conviction. *Id.*

On April 18, 2000, Defendant married Vanessa New at Federal Correctional Institution Fairton in Fairton, New Jersey. *Id.* ¶ 48. Defendant and Ms. New dated for ten years prior to their marriage. *Id.* Ms. New is in good health and resides in Brooklyn, New York. *Id.* She is employed by the Social Security Administration as a claims authorizer. *Id.* Defendant and Ms. New separated in July 2017. *Id.* After leaving the home, Defendant was homeless until his arrest on April 2, 2018. *Id.* ¶ 50.

Defendant and Ms. New have two children: Sani Griffin, age 28, and Saree Griffin, age 14. Sani Griffin resides in Queens, New York, and works at the Social Security Administration. Saree Griffin resides with her mother, Ms. New, in Brooklyn.

Defendant has a long history of substance abuse. Defendant reports that from approximately 1985 to 1995, he ingested a half bundle of heroin every day. *Id.* ¶ 56. Defendant also ingested a gram of cocaine every day. *Id.* Defendant reports that he did not use illegal narcotics for 15 years from 1995 to 2010. Def. Sentencing Mem. ("Def. Mem.") at 2, ECF No. 75. Defendant relapsed after being prescribed Vicodin following oral surgery. *Id.* Defendant reports that he began to use heroin following his relapse but completed in-patient drug rehabilitation in 2012 and 2013. Def. Mem. at 3. In 2014, Defendant began to continuously use heroin, ingesting one to two bundles of heroin per day until his arrest on April 2, 2018. *Id.*; PSR ¶ 56.

With respect to the underlying offense, on December 23, 2017, Defendant and another robbed a Federal Deposit Insurance Corporation-insured HSBC Bank branch located at 87-03

Queens Boulevard in the Elmhurst section of Queens, New York. *Id.* ¶ 3. Defendant entered the bank and proceeded to the teller station. *Id.* Defendant grabbed a HSBC bank customer, brandished what appeared to be a firearm at the HSBC Bank teller, and then pointed the object at the head of the HSBC customer and stated, "Give me the money or I'll shoot the customer." *Id.* The HSBC teller gave Defendant $825.00 and Defendant left the bank. *Id.* Defendant and another ran along 55th Avenue in Queens, entered a silver Jaguar and drove eastbound on Justice Avenue. *Id.*

Defendant was subsequently arrested on April 2, 2018, and has remained in custody since that time. *Id.* ¶ 6. While incarcerated at the Metropolitan Correctional Center in Manhattan, on February 12, 2019, Defendant completed a drug treatment program. *Id.* ¶ 52.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Superseding Indictment, which charged Defendant with Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d). *See* Plea Penalty Sheet. By statute, Defendant faces a maximum term of imprisonment of twenty-five years. *See* 18 U.S.C. §§ 1326(a), (d). Defendant also faces a maximum term of supervised release of five years, *id.* § 3583(b)(1); a maximum fine of $250,000.00, *id.* § 3571(b); and a mandatory special assessment of $100.00, *id.* § 3013. Defendant is ineligible for probation, *id.* § 3561(a)(2), and restitution is mandatory, *id.* § 3663A.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable Guideline for violations of 18 U.S.C. §§ 2113(a) and (d) is Guideline § 2B3.1(a), which provides a base offense level of 20. *See* United States Sentencing Commission, Guidelines Manual ("USSG") § 2B3.1(a). Because Defendant took property from a financial institution, the offense level is increased by 2 levels per USSG § 2B3.1(b)(1), and because Defendant brandished a dangerous weapon while doing so, 3 levels are added per USSG § 2B3.1(b)(2)(E).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. USSG § 3E1.1(b). Accordingly, Defendant's total offense level is 22. All parties agree with this calculation. *See* PSR ¶ 25; Def. Mem. at 2; Gov't Sentencing Mem. ("Gov't Mem.") at 2, ECF No. 76.

A total offense level of 22 and a criminal history category of II yields a Guidelines term of imprisonment of 46 to 57 months. USSG Ch. 5, Part A. The Guidelines further recommend a term of supervised release of two to five years, *id.* § 5D1.2(a)(2); and a fine of between $15,000.00 and $150,000.00, *id.* § 5E1.2(c)(3). The Guidelines further suggest Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 57 months custody. Probation Sentencing Recommendation at 1, ECF No. 59-1. Defense counsel requests a below Guidelines range sentence of time served (*i.e.*, 21 months) followed by a term of supervised release with mandated drug abuse treatment. Def. Mem. at 2. The Government requests a sentence at the top-end of the Guidelines of 57 months. Gov't Mem. at 3.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). Restitution is

mandatory in this case. *See* 18 U.S.C. § 3663. In this case, as the parties agreed on the amount of restitution at the time of sentencing, the Court need not schedule a hearing on restitution.

## CONCLUSION

A sentence of 57 months of incarceration, to be followed by 5 years of supervised release, no fine, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report barring any errors contained therein and to the extent they are not inconsistent with this opinion. The Court imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2020
Brooklyn, New York